IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAIME LOPEZ-QUIÑONES [8],<br><br>Defendant. | CRIMINAL NO.  10-164 (DRD) |

**REPORT AND RECOMMENDATION**

Defendant Jaime López-Quiñones was charged in Counts One, Two and Three of an Indictment and he agreed to plead guilty to Counts One and Three of the Indictment.  Count One charges that, beginning on a date unknown, but no later than in or about the year 2007, and continuing up to and until May 4, 2010, in the District of Puerto Rico, specifically in the Municipality of Ponce and elsewhere within the jurisdiction of this Court, the defendants herein, did knowingly and intentionally, combine, conspire and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and/or to distribute controlled substances, to wit: in excess of one (1) kilogram of heroin, a Schedule I, Narcotic Drug Controlled Substance; and/or in excess of fifty (50) grams of cocaine base ("crack"), a Schedule II Narcotic Drug Controlled Substance; and/or in excess of five (5) kilograms of cocaine, a Schedule II, Narcotic drug Controlled Substance; and/or in excess of one hundred (100) kilograms of marihuana, a Schedule I, Controlled Substance; within one thousand (1,000) feet of the real property comprising a public or private school and/or the Perla del Caribe public Housing Project, a housing facility owned by a public housing authority, as prohibited by Title 21, United States Code, Sections 841(a)(1) and 860.  All in violation of Title 21, United States Code, Section 846.

<u>United States of America v. Jaime López-Quiñones</u> [8]
Criminal No. 10-164 (DRD)
Report and Recommendation
Page 2

Count Three charges that, beginning on a date unknown, but not later than in or about the year 2007, and continuing up to and until the return of the instant Indictment, in the District of Puerto Rico, specifically in the Municipality of Ponce and elsewhere within the jurisdiction of this Court, the defendant herein and diverse other persons known and unknown to the Grand Jury, aiding and abetting each other, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, conspiracy to possess with intent to distribute and/or to distribute heroin, cocaine base, cocaine, and marihuana, in violation of Title 21, <u>United States Code</u>, Section 841(a)(1), 860, and 846 (as charged in Count One of the instant Indictment), did carry and use firearms, as that term is defined in Title 18, <u>United States Code</u>, Section 924(c)(1)(A) and 2.

On May 16, 2011, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Counts One and Three of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States of America v. Jaime López-Quiñones [8]
Criminal No. 10-164 (DRD)
Report and Recommendation
Page 3

      Having further advised defendant of the charges contained in above-stated Counts One and Three, he was examined and verified as being correct that: he had consulted with his counsel, Rafael Anglada-López, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

      Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

      As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Anglada-López,

United States of America v. Jaime López-Quiñones [8]
Criminal No. 10-164 (DRD)
Report and Recommendation
Page 4

indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The penalty for the offense charged in Count One is term of imprisonment of not less than ten (10) years and not more than life, a fine not to exceed four million dollars ($4,000,000.00), and a term of supervised release of at least five (5) years. In accordance with Title 21, United States Code, Section 860, the maximum penalties would be twice that of Section 841, and at least twice the term of supervised release authorized by Section 841.

However, based on the stipulated and agreed amount of narcotics possessed by the defendant, that is, at least five hundred (500) grams but less than two (2) kilograms of cocaine, the penalty for the offense shall be, a term of imprisonment of not less than five (5) year and not more than forty (40) years, a fine not to exceed $2,000,000.00, and a term of supervised release of at least four (4) years, all pursuant to Title 21, United States Code, Section 841(b)(1)(B). However, in accordance with Title 21, United States Code, Section 860, the maximum penalties would be twice that of Section 841(b)(1)(B), and at least twice the term of supervised release authorized by Section 841(b)(1)(B).

The penalty for the offense charged in Count Three, is a term of imprisonment of at least five (5) years, pursuant to Title 18, United States Code, Section 924(c), to run consecutive to any other Count.

United States of America v. Jaime López-Quiñones [8]
Criminal No. 10-164 (DRD)
Report and Recommendation
Page 5

The Court must also impose a mandatory penalty assessment of one hundred dollars ($100.00), per count, to be deposited in the Crime Victim Fund, for a total of two hundred dollars ($200.00).

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement" pursuant to Rule 11(c)(1)(B) FRCP ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Counts One and Three, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The above-captioned parties' estimate and agreement that appears on pages four (4) and five (5), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. As to Count One, the Base Offense Level is of Twenty-Six (26) pursuant to U.S.S.G. § 2D1.1(c)(7) (at least 500 grams but less than 2 kilograms of cocaine). Pursuant to U.S.S.G. § 2D1.2(a)(1), a two (2) level increase is agreed for protected location. Pursuant to U.S.S.G. § 3E1.1, a three (3) level decrease is

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

<u>United States of America v. Jaime López-Quiñones</u> [8]
Criminal No. 10-164 (DRD)
Report and Recommendation
Page 6

agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Twenty-Five (25).

The parties agree to recommend that the defendant be sentenced to a term of imprisonment of sixty (60) months for Count One and a consecutive term of sixty (60) months for Count Three, if his Criminal history Category is I or II. If defendant's Criminal History Category is III or more, then the parties agree to recommend that the defendant be sentenced to a term of imprisonment at the lower end of the applicable guideline range for Count One and a consecutive term of sixty (60) months for count Three. The parties agree that any recommendation for a total term of imprisonment of less than one hundred and twenty (120) months would constitute a breach of the plea agreement

There parties do not stipulate any assessment as to the defendant's Criminal History Category.

The United States and the defendant agree that no further adjustments or departures to the defendant's base offense level shall be sought by the parties.

At sentencing, the United States will request the dismissal of the remaining counts of the Indictment.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously

discussed between the two. Defendant was also read and shown a document entitled "Statement of Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was able to understand the explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph seventeen (17) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Counts One and Three, and was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the

government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Counts One and Three of the Indictment in Criminal No. 10–164 (DRD).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Counts One and Three of the Indictment in Criminal No. 10-164 (DRD).

**IT IS SO RECOMMENDED.**

The sentencing hearing is set for September 2, 2011 at 9:30 a.m., before Honorable Daniel R. Domínguez, District Court Judge.

San Juan, Puerto Rico, this 17th day of May of 2011.

                                      s/ CAMILLE L. VELEZ-RIVE
                                      CAMILLE L. VELEZ-RIVE
                                      UNITED STATES MAGISTRATE JUDGE